IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSHUA ODELL GATLIN,

                Plaintiff,
   v.

WARDEN STEVENS,                         OPINION AND ORDER
WARDEN J. PERTTU,
MEJIA, SEGERTROM, TIETJE,              25-cv-549-wmc
NEVEU, HANSEN, HUNT,
MACIEJEWSKIE, WHITTING,
JANE AND JOHN DOES,

                Defendants.

---

Plaintiff Joshua Odell Gatlin, a state prisoner who represents himself, has filed a complaint under 42 U.S.C. § 1983, alleging that excessive force was used against him by multiple correctional officers at Green Bay Correctional Institution ("GBCI") on May 5, 2024. (Dkt. #1.)  Because plaintiff is a prisoner proceeding without prepayment of the filing fee, the court must screen the complaint and dismiss any portion that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant.  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).  The court must accept the complaint's allegations as true and construe them generously, holding the complaint to a less stringent standard than one drafted by a lawyer.  *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).  However, under Federal Rule of Civil Procedure 8, courts may dismiss a complaint that "makes it difficult for the defendant to file a responsive pleading[.]"  *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994).  Applying this standard, the court must dismiss the complaint because it is insufficient to state a claim for relief, but will grant plaintiff an opportunity to amend.

OPINION

Plaintiff Joshua Odell Gatlin is presently incarcerated by the Wisconsin Department of Corrections at GBCI as the result of a conviction in Milwaukee County Case No. 2022CF598. Plaintiff alleges that "the defendants" generally used excessive force against him on May 5, 2024,[1] by: pushing his head into the wall; yanking on the handcuffs on plaintiff's wrist after he was handcuffed behind his back; throwing plaintiff to the ground; and placing plaintiff in a prone position while also placing a spit mask on his face. (Dkt. #1, at 3 ¶ 13.) Plaintiff was then placed in the "wrap" and taken to restrictive housing. (*Id*. at 4 ¶ 14.)

Federal Rule of Civil Procedure 8(a)(2) provides that a claim for relief must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Each allegation must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The primary purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). This standard does not require "detailed factual allegations," but "naked assertions devoid of further factual enhancement" are not enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Here, plaintiff alleges that excessive force was used against him and that he continues to suffer pain as a result. Not every malevolent touch by a prison guard gives rise to a federal cause of action. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Because prison officials must sometimes use force to maintain order, the central question when assessing an excessive-force

---

[1] Plaintiff states in another portion of the complaint that this incident occurred on "May 10, 2024." (Dkt. #1, at 2 ¶¶ 6-7.) In his amended complaint, plaintiff should clarify the date and time the alleged use of excessive force occurred.

allegation is "'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" *Id*. at 6 (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)); *see also Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). To determine if force was used improperly, a court considers factual questions such as "the need for the application of force, the relationship between the need and the amount of force that was used and the extent of the injury inflicted." *Whitley*, 475 U.S. at 321 (internal brackets omitted).

Plaintiff does not describe any particular injury and his general allegations do not specify each defendant's personal involvement in the use of force or provide any details showing which defendant inflicted the alleged harm. This is insufficient to put the defendants on notice or to state a claim under 42 U.S.C. § 1983. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *see also Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010) (individual liability under § 1983 requires personal involvement, so plaintiff must allege sufficient facts showing that individual personally caused or participated in constitutional deprivation); *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("Individual liability under [42 U.S.C.] § 1983 . . . requires personal involvement in the alleged constitutional deprivation."); *Gonzalez v. McHenry Cnty., Ill.*, 40 F.4th 824, 828 (7th Cir. 2022) (Section 1983 lawsuits "require personal involvement in the alleged constitutional deprivation to support a viable claim.").

The Seventh Circuit has cautioned against dismissing a self-represented plaintiff's case without giving the plaintiff a chance to amend. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). The court will grant plaintiff a 30-day window to file an amended complaint, preferably on one of the court's approved forms for prisoners filing civil actions or similar form available from the prison law library. It must be at least sufficient to provide notice to each

defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.  Plaintiff is further encouraged to identify each defendant by their full name to the best of his ability.  Plaintiff is advised that any amended complaint will be screened under 28 U.S.C. § 1915(e)(2)(B), and that any failure to respond will result in the dismissal of this action without further notice pursuant to Federal Rule of Civil Procedure 41(b).

## ORDER

IT IS ORDERED that:

1) Plaintiff Joshua Odell Gatlin is DENIED leave to proceed, and his complaint (dkt. #1) is DISMISSED without prejudice, for failure to meet the minimal pleading requirements of Federal Rule of Civil Procedure 8.

2) The clerk's office is directed to provide plaintiff with a prisoner packet containing a civil rights complaint form.

3) Plaintiff has until **March 6, 2026** to file an amended complaint that satisfies the requirements of Federal Rule of Civil Procedure 8.  Plaintiff's failure to file an amended complaint by that deadline will result in the court dismissing this action with prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

Entered the 4th day of February, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

4